Craig Solomon Ganz (023650)
Michael S. Myers (029978)
BALLARD SPAHR LLP
1 East Washington Street, Suite 2300
Phoenix, AZ 85004-2555
ganzc@ballardspahr.com
myersms@ballardspahr.com
Telephone: 602.798.5400

Paul S. Hugel (admitted *pro hac vice*)
CLAYMAN & ROSENBERG, LLP
305 Madison Ave - Suite 1301
New York, NY 10165
Telephone: (212) 922-1080
Email:   hugel@clayro.com

*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| MELLEN, INC., a New York corporation,<br><br>Plaintiff,<br><br>vs.<br><br>BILTMORE LOAN AND JEWELRY-SCOTTSDALE, L.L.C., an Arizona limited liability company,<br><br>Defendant. | Case No. CV-16-648-PHX-DLR<br><br>**RESPONSE TO MOTION TO QUASH**<br><br>(Assigned to the Honorable Douglas L. Rayes) |

Plaintiff Mellen, Inc. ("Mellen") hereby responds to the Defendant Biltmore's Motion to Quash and Request for Hearing on Garnishment as follows:

On March 24, 2017, the Court ruled in favor of Mellen against Biltmore on a motion for summary judgment. After denying a series of motions for reconsideration filed by Biltmore, the Court directed the Clerk to enter judgment in favor of Mellen. On June 21, 2017, the Clerk entered a judgment for the costs of this litigation in favor of Mellen and against Biltmore in the amount of $3,522.12. Three months later, Biltmore had not paid any portion of the judgment.

On September 22, 2017, Mellen's counsel emailed counsel for Biltmore to inquire if Biltmore would voluntarily satisfy the judgment and offered to hold off on taking steps to enforce the judgment if Biltmore's counsel confirmed that payment would be

forthcoming. Exh. A to Biltmore Motion. That same day, Biltmore's counsel replied that he would check with his client and respond shortly. Exh. B to Biltmore Motion. He did not do so.

On October 13, 2017, after waiting three weeks for a response from Biltmore, and receiving none, Mellen sought and obtained a writ of garnishment against Biltmore's bank for $3,534.48, representing the amount of the judgment plus accrued interest. After the writ was served, Biltmore's counsel contacted Mellen's attorney and stated, for the first time, that Biltmore would pay the judgment. Mellen's counsel received Biltmore's check in the amount for $3,534.48 shortly thereafter, and forwarded it to Mellen to deposit. Before Biltmore's check was deposited, Biltmore's bank filed an answer to the writ acknowledging that it was in possession of monies of the Judgment Debtor sufficient to satisfy the garnishment. In response to an email from Biltmore's counsel to withdraw the writ, Mellen's counsel stated that he would do so after Biltmore's check had cleared. Mellen deposited Biltmore's check on or about October 24, 2017. As Mellen's bank is in New York, and Biltmore's check was drawn on an Arizona bank, the check took several business days to clear.

On October 27, 2017, before Biltmore's check had cleared Mellen's account, Biltmore filed the instant motion to quash the writ of garnishment. Three days later, on October 30, 2017, Biltmore's check had cleared Mellen's account. At this point, the writ of garnishment is effectively moot as there is no need to obtain a judgment against the garnishee to satisfy the judgment.

The only open issue is the assessment of costs associated with the writ. Pursuant to Fed R. Civ. Proc 69(a)(1), Arizona law governs controls the taxation of costs on a writ of garnishment issued by this Court. Under Arizona law, where, as here, "there are funds [in garnishee's possession] and the garnishee's answer is 'not controverted,' then the costs are taxed against the [judgment-debtor]" *Ariz. Dep't of Econ. Sec. v. Ariz. Bank*, 133 Ariz. 133, 134, 650 P.2d 435, 436 (1982).

As indicated in the affidavit of service filed by the process server, the cost of service of the writ was $146.67. (Exh. 1). In its answer to the writ of garnishment, Biltmore's bank asserts that it is entitled to $150 in costs. (Exh. 2). These costs should be taxed against Biltmore. Had Biltmore paid the judgment on its own initiative, or in response to Mellen's request for payments, there would have been no need for Biltmore to obtain the writ. It is clear from its recalcitrance that Biltmore would have continued to ignore its obligation to pay the judgment had Mellen not located a bank account and served a writ to garnish that account. Taxing the costs of the writ against Biltmore is proper under the law and is fair under the circumstances.

DATED this 3rd day of November, 2017.

| BALLARD SPAHR LLP | CLAYMAN & ROSENBERG, LLP |
|---|---|
| By: */s/ Michael S. Myers*<br>    Craig Solomon Ganz<br>    Michael S. Myers<br>    1 East Washington Street, Suite 2300<br>    Phoenix, AZ 85004-2555 | By: */s/ Paul S. Hugel*<br>    Paul S. Hugel (admitted *pro hac vice*)<br>    305 Madison Ave - Suite 1301<br>    New York, NY 10165 |

*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 3, 2017, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants in this case.

                                          */s/ Tasha M. Hart*
                                          Employee of Ballard Spahr LLP

Ballard Spahr LLP
1 East Washington Street
Suite 2300
Phoenix, Arizona 85004-2555